# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

JOHN R. JONES,

        Plaintiff,

v.

DAVID PANCOAST, *et al.*,

        Defendants.

2:07-cv-00708-RLH-LRL

**FINDINGS AND RECOMMENDATION**

       Plaintiff has submitted an Amended Complaint (#7) pursuant to 42 U.S.C. § 1983. In its June 8, 2007 Order (#2), the court granted plaintiff's Application to Proceed *In Forma Pauperis* (#1), but dismissed plaintiff's original Complaint (#1) without prejudice because plaintiff failed to allege that any person acted under color of state law or took actions in violation of rights protected by the Constitution or created by federal statute. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (when a court dismisses a complaint under 28 U.S.C. § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment) (citation omitted); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) ("Traditionally, the requirements for relief under section 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law.").

       Specifically, the Complaint (#1) failed to allege that defendants David Pancoast and Ulrich Smith acted under color of state law or conspired with state officials to deprive plaintiff of his rights. Order (#2) at 2 (citing *Polk County v. Dodson*, 454 U.S. 312, 321 (1981) (a court appointed attorney does not act under "color of state law," within the meaning of § 1983, when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding)). The court also found that the

Complaint (#1) contained no allegations of unconstitutionality against the United States, although it was named as a defendant. Order (#2) at 2 (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978) for the proposition that, to the extent plaintiff's claims may have rested on a *respondeat superior* theory of liability, plaintiff failed to present a claim under § 1983).

Plaintiff has timely submitted an Amended Complaint (#7). *See* Order (#6) (extending time to file amended complaint). However, the court recommends that the Amended Complaint (#7) be dismissed with prejudice for failure to state a claim upon which relief may be granted. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) (citation omitted). In its June 8, 2007 Order (#2), the court explained the deficiencies in plaintiff's original Complaint (#1). Plaintiff has failed to cure those deficiencies in his Amended Complaint (#7).

Accordingly, and for good cause shown,

IT IS RECOMMENDED that the Amended Complaint (#7) be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

DATED this 27th day of October, 2008.

_____
**LAWRENCE R. LEAVITT
UNITED STATES MAGISTRATE JUDGE**