**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN R. JONES, | 2:07-CV-708 JCM (LRL) |
| Plaintiff, | |
| v. | Date:      N/A |
| | Time:      N/A |
| DAVID PANCOAST, et al., | |
| Defendants. | |

**ORDER**

Presently before the court are plaintiff's objections to Magistrate Judge Lawrence Leavitt's findings and recommendations. (Doc. #9.)  In his report, Judge Leavitt recommended dismissing plaintiff's amended complaint with prejudice because plaintiff has failed to cure pleading deficiencies as previously ordered.

Local Rule IB 3-2 states that any party wishing to object to the findings and recommendations of a magistrate judge shall, within ten (10) days from the date of service of the findings and recommendations, file and serve specific written objections together with points and authorities in support thereof.  This court then conducts a *de novo* determination of those portions of the specified findings or recommendations to which objections have been made.  Plaintiff filed his objections shortly after the 10-day time limit had expired; this court will consider his objections in the interest of judicial efficiency.

James C. Mahan
U.S. District Judge

1      Plaintiff filed suit against the United States of America along with attorneys David Pancoast

2   and Ulrich Smith, alleging that the attorneys committed legal malpractice, negligent representation,

3   abuse of process, and violations of plaintiff's constitutional and statutory rights during their court-

4   appointed representation in his case.  (Doc. #3.)  Plaintiff later amended his complaint.  A review

5   of the amended complaint reveals that plaintiff has alleged no cognizable claim against any of the

6   defendants.  He has not alleged that attorneys Pancoast and Smith were acting under color of state

7   law or that they conspired with state officials to deprive him of his rights.  Even if such allegations

8   had been made, they could not provide a basis for relief.  *See Polk County v. Dodson*, 454 U.S. 312

9   (1981) (holding that court appointed public defenders do not act under color of state law within the

10  meaning of § 1983); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 466 (9th Cir. 2003)

11  (recognizing that a "public defender representing a client in the lawyer's traditional adversarial role

12  was not a state actor").  Because the attorneys in this case were not state actors, they cannot be liable

13  under § 1983.  Further, there is no legal basis to support plaintiff's claim that the United States

14  "failed to protect plaintiff which resulted in personal injury to plaintiff."  As noted by Judge Leavitt,

15  any claim that the United States is responsible under the theory of respondeat superior necessarily

16  fails because the attorneys representing plaintiff were not state actors.

17      Plaintiff's allegations based on the Federal Tort Claims Act (28 U.S.C. § 1346) and *Bivens*

18  *v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) likewise fail.

19  Under the FTCA, the United States can be held liable for the negligent or wrongful act or omission

20  of any government employee while acting within the scope of his office or employment where the

21  United States, if a private person, would be liable to the claimant in accordance with the law of the

22  place where the act or omission occurred.  Plaintiff has not alleged that either attorney was a

23  government employee or that the United States could be liable for their actions under Nevada law.

24      Finally, to succeed in a *Bivens* action, plaintiff must allege that the deprivation of a

25  constitutional right was committed by a federal actor.  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th

26  Cir. 1991).  Here, Jones has not alleged that either attorney was a federal actor during the course of

27  their representation in his case.  And, based on the reasoning in *Dodson* and *Miranda*, the attorneys

28

**James C. Mahan**
**U.S. District Judge**

1  in this case cannot be said to be federal actors for *Bivens* purposes anymore than attorneys can be

2  state actors for § 1983 purposes.  Further, the United States cannot be liable under *Bivens* because

3  the theory of respondeat superior is inapplicable to *Bivens* actions.  *Terrell v. Brewer*, 935 F.2d 1015,

4  1018 (1991).

5        Accordingly,

6        IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Magistrate Judge Leavitt's

7  report and recommendations (Doc. # 9) are AFFIRMED in their entirety.

8        IT IS FURTHER ORDERED that plaintiff's amended complaint (doc. #7) is dismissed with

9  prejudice.  The clerk of the court shall enter judgment accordingly.

10        DATED this 23rd day of December, 2008.

13  **UNITED STATES DISTRICT JUDGE**